IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRENT A. CULPEPPER                                                    PLAINTIFF

v.                                          CAUSE NO. 1:18CV289-LG-RHW

PEARL RIVER COUNTY, MISSISSIPPI, ET AL.                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the [11] Motion to Dismiss or for Summary Judgment filed by Defendant Vince Barnett, and the [21] Motion for Summary Judgment filed by Defendants Van Giadrosich and Pearl River County, Mississippi. The Motions have been fully briefed. After due consideration of the submissions and the relevant law, it is the Court's opinion that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, the summary judgment motions will be granted and Plaintiff's claims against all Defendants dismissed.

I. BACKGROUND

Plaintiff Brent Culpepper filed this civil rights complaint against law enforcement officers and their employers for what he alleges was excessive force used during his arrest in 2015. Culpepper alleges that he was a passenger in a car driven by his cousin on a stretch of Highway 11 in Pearl River County that was being repaved. Culpepper's cousin spun his tires on the newly laid asphalt. The road crew called police, claiming that the spinning tires had damaged the asphalt. When police arrived, they saw an open container of beer in the vehicle and asked the driver to exit. Defendant Detective Van Giadrosich approached the passenger

window and asked Culpepper for identification. Culpepper's allegations concerning subsequent events are as follows:

> Culpepper asked why producing his identification was necessary. Giadrosich then ordered Culpepper out of the vehicle. Without giving Culpepper a chance to comply, Giadrosich opened the passenger door of the vehicle and, without justification, seized Culpepper by the wrists. In response to being seized by Giadrosich, Culpepper stated he would produce his identification.
>
> Giadrosich did not reply to Culpepper's stated intent to comply. Instead, still holding Culpepper's wrists, he forcibly slung Culpepper to the ground. Culpepper landed on his stomach on the freshly laid asphalt, Giadrosich began to cuff Culpepper behind his back, left hand first. As he did so, he restrained Culpepper's head so that his face remained in contact with the road surface.
>
> As his face rested on fresh, hot asphalt, Culpepper's skin began to burn. When Culpepper attempted to lift his head away from the asphalt, Giadrosich ordered him to "stop resisting." Culpepper replied that he was not resisting arrest, but that his face was burning and he was in pain. At that point, at least two of the Bureau of Narcotics Agents joined Giadrosich in restraining Culpepper. The officers held Culpepper's face down on the hot asphalt and Culpepper continued to experience burning.

(Compl. 4-5, ECF No. 1.) At some point, the officers moved Culpepper from the asphalt to the roadside. After an hour, an ambulance arrived and the personnel informed Culpepper he had second degree burns to the left side of his face and ear. He was transported to the hospital and has since received specialized treatment.

Culpepper's claims against Detective Giadrosich and Pearl River County are for violation of the Fourth and Fourteenth Amendment protections against excessive force. Culpepper alleges these rights were violated when Giadrosich 1) seized him without giving him the opportunity to comply with his command to exit

the vehicle and forcibly slung him to the ground, and 2) continued to hold his face to the hot asphalt even after he told Giadrosich it was causing his skin to burn. (Compl. 6-7, ECF No. 1.) As for Mississippi Bureau of Narcotics Agent Vince Barnett, Culpepper alleges that he "began assisting Giadrosich in restraining Culpepper in a manner which forced continued contact between the asphalt and Culpepper's face causing second degree burns." (Compl. 6, ECF No. 1.) Culpepper alleges that these violations occurred because Pearl River County failed to properly train and supervise Detective Giadrosich. Finally, Culpepper alleges that Pearl River County has policies of failing to 1) correct repeated use of excessive force by officers, 2) investigate use of excessive force by officers, or 3) discipline officers for their use of excessive force.

Agent Barnett moves in his individual capacity for dismissal or summary judgment on the basis that 1) he was not timely served with process, 2) Culpepper's allegations do not overcome Barnett's qualified immunity, and 3) Culpepper's claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Detective Giadrosich and Pearl River County move for summary judgment on *Heck* grounds. Pearl River County further contends that if there is no actionable constitutional violation, there can also be no claim based on the County's policies.

## II. DISCUSSION

The Court finds the Heck bar, raised by all moving Defendants, to be dispositive of the claims in this case. Culpepper was charged in Pearl River County

Justice Court with resisting arrest by fighting, and disorderly conduct – failure to obey law enforcement. (Barnett Mot. Ex. A at 1-2, ECF No. 11-1.) He pled guilty to both charges and received fines. (*Id*.) These circumstances implicate *Heck* because the basis of this lawsuit is the same incident that resulted in two convictions, and there is no indication that the convictions have been invalidated.

The United States Supreme Court held in *Heck* that a claim for monetary damages that essentially challenges the plaintiff's conviction may not be cognizable under 42 U.S.C. § 1983. The *Heck* doctrine provides:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination . . . . Thus . . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87.

The Fifth Circuit Court of Appeals has recognized that "the *Heck* doctrine emanates from the 'policy of finality that prevents the collateral attack of a criminal conviction once that matter has been litigated.'" *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008). Although the *Heck* doctrine applies to § 1983 excessive force claims, "the determination of whether such claims are barred is analytical and fact-

intensive, requiring [the Court to] focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

Culpepper pled guilty to a charge of resisting arrest and a charge of disorderly conduct related to the incident at the side of Highway 11 in Pearl River County. He does not allege that he has appealed or sought to overturn his convictions, and Defendants assert that his convictions have not been reversed, expunged, or invalidated. Defendants argue that Culpepper's success on his excessive force claim would negate his convictions for resisting arrest and disorderly conduct.

Culpepper's disorderly conduct conviction establishes the following elements:

> (1) Whoever, with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace, or which may cause or occasion a breach of the peace, fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer, having the authority to then and there arrest any person for a violation of the law, to:
> > (a) Move or absent himself and any vehicle or object subject to his control from the immediate vicinity where the request, command or order is given . . . .

Miss. Code. Ann. § 97-35-7.

Culpepper's resisting arrest by fighting conviction establishes the following elements: "It shall be unlawful for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest or the lawful arrest of

- 5 -

another person by any state, local or federal law enforcement officer." Miss. Code. Ann. § 97-9-73.

After Culpepper's guilty pleas, it is established that he failed or refused to promptly comply with or obey a request, command, or order of a law enforcement officer, and that he resisted his lawful arrest by force. The portion of his Complaint in which he claims his civil rights were violated when Giadrosich "seized [him] without giving him an opportunity to comply with his command to exit the vehicle and forcibly slung him to the ground" is *Heck* barred because it contradicts his confession of guilt to disorderly conduct. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007)

Culpepper also alleges that his civil rights were violated when the law enforcement officers restrained him in a way that forced continued contact with the asphalt. He alleges he informed Giadrosich that his face was burning, but Giadrosich and the other officers continued to restrain him so that his face was against the asphalt. One factor the Court is to consider in the *Heck* analysis "is whether the § 1983 claimant maintains he acted lawfully throughout his encounter with the police." *Thomas v. Pohlmann*, 681 F. App'x 401, 407 (5th Cir. 2017). "There seems to be universal agreement . . . that a plaintiff who concedes that he resisted arrest but nevertheless contends that excessive force was used against him would not find his Fourth Amendment claim barred by *Heck*." *Jenkins v. Town of Vardaman*, 899 F. Supp. 2d 526, 536 (N.D. Miss. 2012). However, if the plaintiff asserting an excessive force claim contends that he did nothing wrong and that the

officer used force on him for no reason, the claim is barred by *Heck*, because the plaintiff is essentially disputing that he resisted arrest. *See, e.g., Deleon v. City of Corpus Ch*risti, 488 F.3d 649, 656-67 (5th Cir. 2007); *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324-25 (5th Cir. 2004). "It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Jenkins*, 899 F. Supp. 2d at 537 (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)).

*Heck* bars Culpepper's excessive force claim concerning the officers' restraining him in a way that kept his face in contact with hot asphalt. Culpepper alleges that he did not resist arrest and told the officers he was not resisting arrest, suggesting that he was "wholly innocent." (See Compl. 4-5, ECF No. 1.) By claiming he acted without fault throughout the entirety of his encounter with the police, his excessive force claim "squarely challenges the factual determination that underlies his conviction for resisting an officer" and thus is barred by *Heck*. *Arnold*, 100 F. App'x at 324-25. "[A] plaintiff cannot claim that the force was excessive because she was not resisting arrest if she has already pleaded guilty to resisting arrest." *Coleman v. Marion Cty.*, No. 2:14CV185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015).

III. CONCLUSION

The moving defendants have shown they are entitled to judgment as a matter of law. The summary judgment motions will be granted. Defendants Jerry Mickell

and Ryan Stachura, Agents of the Mississippi Bureau of Narcotics, remain in the case in their individual capacities. Although neither filed a motion or raised the arguments discussed herein, there is no possibility that Plaintiff will be able to overcome application of the *Heck* bar to the claims against them. Accordingly, the claims against Defendants Mickell and Stachura will also be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [11] Motion to Dismiss or for Summary Judgment filed by Defendant Vince Barnett and the [21] Motion for Summary Judgment filed by Defendants Van Giadrosich and Pearl River County, Mississippi are **GRANTED**. Plaintiff's claims against all Defendants are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE